IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02479-BNB

ADRIAN JAMES,

    Applicant,

v.

GEORGE DUNBAR, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Adrian James, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Limon Correctional Facility. Mr. James initiated this action by submitting to the Court a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. James is challenging the validity of his conviction and sentence in Case No. 05CR2978, in the Denver County District Court.

In an order filed on November 4, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those defenses. After receiving an extension of time, Respondents submitted a Pre-Answer Response on December 29, 2009. Mr. James has not filed a Reply.

The Court must construe liberally the Amended Application filed by Mr. James because he is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon**,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See **Hall**,* 935 F.2d at 1110. For the reasons stated below, the Court will order the Amended Application drawn in part and dismissed in part.

On April 5, 2005, Mr. James was charged with first degree murder after deliberation, first degree felony murder, and robbery. Pre-Answer Resp. Ex. A at p. 2-3 (State Court Register of Action). On May 5, 2006, Mr. James pled guilty to an added count of second degree murder, in exchange for dismissal of the original charges. *Id.* at 10. The trial court sentenced Mr. James to forty-five years in prison with five years of mandatory parole on July 14, 2006. *Id.* Mr. James did not file a direct appeal.

On November 2, 2006, Mr. James filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). *Id.* The trial court denied the motion on November 6, 2006. *Id.* Mr. James did not file an appeal.

Mr. James filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) on February 2, 2007. *Id.* at 10-11. The trial court summarily denied the motion by order dated May 14, 2007. *Id.* at 11. Mr. James filed an appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on November 26, 2008. *See **People v. James**,* No. 07CA1236 (Colo. App. Nov. 26, 2008) (unpublished

opinion). The Colorado Supreme Court denied certiorari review on March 9, 2009. Pre-Answer Resp. at Ex. C.

Mr. James then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was received for filing by the Court on October 22, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. James asserts one claim of ineffective assistance of counsel, although Respondents have identified the following nine sub-claims within this claim: (a) counsel was not involved in Mr. James' case prior to coercing him to plead guilty; (b) counsel failed to conduct a thorough investigation of the case; (c) counsel misrepresented him; (d) counsel withheld information; (e) counsel coerced Mr. James' guilty plea by exerting pressure on him; (f) counsel failed to explore Mr. James' state of mind and mental health history; (g) counsel failed to advise Mr. James prior to his guilty plea of the "depraved mind" element of second degree murder; (h) because counsel failed to investigate the case, he gave Mr. James erroneous advice concerning his guilty plea; and (i) counsel's last minute appearance created a conflict of interest. Pre-Answer Resp. at 3. Respondents assert that only subclaim (e), that counsel coerced Mr. James' guilty plea, is exhausted. *Id.* at 6-9. Respondents further contend that if Mr. James attempted to raise his unexhausted claims in a second state postconviction motion he would be procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII), and Colo. Rev. Stat. § 16-5-402, and that this Court, therefore, is precluded from reviewing these claims.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. James' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Upon review of the opening brief in Mr. James' Rule 35(c) appeal and the Application, the Court finds the following. Mr. James raised one claim before the Colorado Court of Appeals: whether the trial "court erred in summarily denying Mr. James' post-conviction motion." Amended Application at 20. Within the rubric of this claim, which argued that the case must be remanded to the trial court for a hearing, Mr.

James also argued that his attorney, Mr. Pacheco, provided ineffective assistance of counsel because Mr. Pacheco "misrepresented him and coerced him into pleading guilty." *Id.* at 25. He further argued that Mr. Pacheco had a "limited familiarity" with his case. *Id.* at 26. The Court finds that these arguments before the CCA were sufficient to exhaust sub-claims: (a) counsel was not involved in Mr. James' case prior to coercing him to plead guilty, (c) counsel misrepresented Mr. James, and (e) counsel coerced Mr. James' guilty plea by exerting pressure on him.

However, Mr. James did not raise any argument that counsel failed to conduct a thorough investigation of the case, withheld information, failed to explore Mr. James' state of mind and mental health history, failed to advise Mr. James prior to his guilty plea of the "depraved mind" element of second degree murder, gave Mr. James erroneous advice concerning his guilty plea, or that counsel's last minute appearance created a conflict of interest. Mr. James' failure to present these claims to the CCA in the same manner that he raises them here renders the claims unexhausted. *See Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that sub-claims (b), (d), (f), (g), (h) and (i) are unexhausted.

The time limitation established by Colo. Rev. Stat. § 16-5-402 is a firmly established and regularly followed procedural rule. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to the claims that Mr. James has failed to exhaust. *Id.* Mr. James, therefore, has procedurally defaulted sub-claims (b), (d), (f), (g), (h) and (i) in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Sub-claims (b), (d), (f), (g), (h) and (i) are procedurally barred from federal habeas review.

Based on the above findings, the Court will dismiss sub-claims (b), (d), (f), (g), (h) and (i) as procedurally barred. Sub-claims (a), (c), and (e) will be drawn to a district judge and to a magistrate judge for further consideration of the merits. Accordingly, it is

ORDERED that sub-claims (b), (d), (f), (g), (h) and (i) are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that sub-claims (a), (c), and (e) shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 5th day of ____February____, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02479-BNB

Adrian James
Prisoner No. 132271
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/9/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk