IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02479-PAB

ADRIAN JAMES,

       Applicant,

v.

GEORGE DUNBAR, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

       Respondents.

## ORDER

       This matter is before the Court on applicant Adrian James' objection [Docket No. 20] to the magistrate judge's orders requiring respondents to file a pre-answer response [Docket Nos. 9, 13]. The magistrate judge filed those non-dispositive orders on November 6 and December 2, 2010. Therefore, the objection, filed on February 19, 2010, is untimely. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

       Furthermore, the Court construes Mr. James' filing as requesting that the Court reconsider its order to dismiss in part his application for a writ of habeas corpus [Docket No. 16]. Where, as here, a party seeks "reconsideration" of a non-final order, that motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-

00037, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); see also Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." United Fire & Cas. Co., 2010 WL 420046, at *3. Although courts in this district have applied different standards, see id. (noting cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard), the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Mr. James argues that the Court issued its order of partial dismissal before he was provided the opportunity to reply to the respondent's pre-answer response or otherwise offer his own position. On November 6, 2009, however, the magistrate judge afforded Mr. James the opportunity reply to the pre-answer response within twenty days of its filing. See Docket No. 9 at 2-3. Furthermore, upon granting respondents an extension of time to file their pre-answer response on December 2, 2009, the magistrate judge informed Mr. James that he had "twenty-one days from the filing of the Pre-Answer Response to file a Reply if he desires." Docket No. 13. On December 29, 2009, respondents filed their pre-answer response, and Mr. James never filed a reply despite the opportunity to do so. In short, Mr. James identifies no error.

Therefore, it is

**ORDERED** that Mr. James' objections [Docket No. 20] are DENIED.

DATED September 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge