IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02479-PAB

ADRIAN JAMES,

    Applicant,

v.

GEORGE DUNBAR and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

This matter comes before the Court on Applicant Adrian James' Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 7][1]. The Respondents have filed an answer [Docket No. 21], and Applicant has filed a traverse [Docket No. 22]. Having considered the same, along with the pertinent portions of the State Court record [Docket No. 26], the Court concludes that the Amended Application should be denied.

**I. Background**

On April 5, 2005, Applicant was charged with first degree murder after deliberation, first degree felony murder, and robbery in Case No. 05CR2978 in the District Court for the City and County of Denver, Colorado. Pre-Answer Resp. Ex. A at

---

[1] Because Applicant appears *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

p. 2-3 (State Court Register of Action). On May 5, 2006, Applicant pled guilty to an added count of second degree murder, in exchange for dismissal of the original charges. *Id.* at 10. The trial court sentenced Applicant to forty-five years in prison with five years of mandatory parole on July 14, 2006. *Id.* Applicant did not file a direct appeal. Applicant is currently incarcerated at the Limon Correctional Facility of the Colorado Department of Corrections in Limon, Colorado.

On November 2, 2006, Applicant filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). *Id.* The trial court denied the motion on November 6, 2006. *Id.* Applicant did not file an appeal.

Applicant filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c) on February 2, 2007. *Id.* at 10-11. The trial court summarily denied the motion by order dated May 14, 2007. *Id.* at 11. Applicant filed an appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court on November 26, 2008. *See People v. James*, No. 07CA1236 (Colo. App. Nov. 26, 2008) (unpublished opinion). The Colorado Supreme Court denied certiorari review on March 9, 2009. Pre-Answer Resp. at Ex. C.

Applicant filed the instant Amended Application[2] for a Writ of Habeas Corpus on November 3, 2009. In the Amended Application, Applicant asserts one claim of ineffective assistance of counsel, although Respondents have identified nine sub-claims within this claim, namely: (a) counsel was not involved in Applicant's case prior

---

[2]The original Application was received by the Court on October 13, 2009. On October 22, 2009, Magistrate Judge Boyd N. Boland ordered Applicant to file an Amended Application, which he submitted to the Court on November 3, 2009.

to coercing him to plead guilty; (b) counsel failed to conduct a thorough investigation of the case; (c) counsel misrepresented him; (d) counsel withheld information; (e) counsel coerced Applicant's guilty plea by exerting pressure on him; (f) counsel failed to explore Applicant's state of mind and mental health history; (g) counsel failed to advise Applicant prior to his guilty plea of the "depraved mind" element of second degree murder; (h) because counsel failed to investigate the case, he gave Applicant erroneous advice concerning his guilty plea; and (i) counsel's last minute appearance created a conflict of interest. Pre-Answer Resp. at 3.

On November 6, 2009, Magistrate Judge Boland ordered the Respondents to file a pre-answer response limited to addressing the issues of timeliness and/or exhaustion of state court remedies. After receiving an extension of time, Respondents filed their pre-answer response on December 29, 2009. Respondents asserted that Applicant had failed to exhaust all but one of his sub-claims in the state court, and that these unexhausted claims were procedurally defaulted. Applicant did not file a reply.

On February 5, 2010, Senior Judge Zita L. Weinshienk entered an order dismissing sub-claims (b), (d), (f), (g), (h) and (i) as procedurally defaulted. Nonetheless, finding that sub-claims (a), (c), and (e) had been exhausted in the state courts, she ordered these claims drawn to a district judge and to a magistrate judge.

## II. Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas application pursuant to

3

28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a habeas application when the applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable

. . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owes deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full *de novo* review of the applicant's claims." *Id*.

### III. Discussion

The following allegations of ineffective assistance of counsel are still at issue: counsel who represented Applicant at the time of his guilty plea ("plea counsel") was ineffective (a) because he was not involved in Applicant's case prior to his guilty plea, (b) because he gave Applicant faulty advice regarding his guilty plea, and (c) because he coerced Applicant's guilty plea.

With respect to Applicant's allegations of ineffective assistance of plea counsel, the Colorado Court of Appeals concluded the following:

> Defendant contends that the case should be remanded to the district court to hold a hearing on his allegations of ineffective assistance of plea counsel. However, defendant stated in his motion that: (1) plea counsel did not advise him regarding the elements of the crime and the consequences of pleading guilty; (2) counsel "coerced [him] in his guilty plea"; and (3) counsel gave him "wrong advice" concerning his guilty plea.

> Regarding defendant's first assertion, the record discloses that defendant signed a written advisement regarding the elements of the crime, and the providency hearing transcript reflect that the district court gave him a proper and complete advisement pursuant to Crim. P. 11.
>
> As to defendant's claims that plea counsel coerced him and gave him incorrect advice, on the record defendant acknowledged that the decision to plead guilty was his own and that he had not been coerced. Further, he failed to support either of these assertions with any factual allegations that might show he is entitled to relief. *See People v. Bossert*, 772 P.2d 618, 620 (Colo. 1989) (a postconviction motion that fails to contain sufficient factual allegations to support the defendant's claims may be dismissed for failure to state a claim upon which relief may granted); *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) (a Crim. P. 35(c) motion may be denied without a hearing if the claims are bare and conclusory in nature and lack supporting factual allegations).
>
> Therefore, we conclude the district court properly denied defendant's motion.

Amended Application at p. 46-47.

It was clearly established when Applicant was convicted that a defendant has a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish that his counsel was ineffective, Applicant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id.* at 687-88. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Applicant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* Under the prejudice prong, Applicant must establish "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If Applicant fails to satisfy his burden with regard to either prong of the *Strickland* test, his ineffective assistance of counsel claim must be dismissed. *See id.* at 697.

When a habeas applicant challenges a guilty plea based upon ineffective assistance of counsel, the deficient performance prong of the *Strickland* test requires proof of a lack of reasonably competent advice concerning the plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An applicant must satisfy the prejudice inquiry by showing that the constitutionally ineffective performance "affected the outcome of the *plea process*. In other words . . . that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." *Id*. (emphasis provided). Conclusory allegations without supporting factual averments are insufficient to support a claim of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Applicant entered his guilty plea in open court on May 5, 2006. *See* Trial Court Transcript, Vol. 2. The record demonstrates that Applicant was advised of and indicated his understanding of the trial rights he was waiving by entering the plea. *Id.* at 3-7. The district attorney advised Applicant of the elements of second degree murder, and Applicant indicated that he understood the elements of the crime. *Id.* at 8-9. The trial court also advised Applicant that the applicable sentencing range for a class 2 felony included a mandatory minimum of 16 years and a maximum of 48 years in the Department of Corrections. *Id.* at 10. The hearing concluded:

> The Court: Now, sir, do you understand the penalties authorized by law for this charge?
>
> Applicant: Yes, sir, Your Honor.
>
> The Court: Now, sir, in your case, there's been a promise to dismiss the other charges against you in exchange for your plea to this one charge. Besides that promise, have there been any other promises made to you by anyone in order to induce you to plead guilty?
>
> Applicant: No, sir.
>
> The Court: Is anybody forcing you or putting pressure upon you to try and make you plead guilty?
>
> Applicant: No, sir.
>
> The Court: Is the decision to plead guilty your own free and voluntary decision?
>
> Applicant: Yes, sir.
>
> The Court: All right. And there is an affidavit for an arrest warrant in the court's file which would establish a factual basis to the original charges, in fact, a waiver of or a stipulation to the factual basis as to the added charge - - Mr. Pacheco?
>
> . . . .
>
> The Court: Okay. Mr. James, sir, do you have any questions of me with respect to your plea today?
>
> Applicant: No, sir, Your Honor.
>
> The Court: In light of the things we've talked about today, do you still want to go ahead and plead guilty?
>
> Applicant: Yes, sir.

See Trial Court Transcript, Vol. 2 at p. 10-12.

Sentencing on Applicant's conviction was held on July 14, 2006, at which time, Applicant was again advised of the sentencing range for the offense of second degree

murder. *See* Trial Court Transcript, Vol. 3, p. 3. The trial court subsequently sentenced Applicant to a period of 45 years in the Department of Corrections plus five years of mandatory parole. *Id.* at 20.

Although the Amended Application is severely lacking factual allegations to support Applicant's claims, Applicant alleges that coercion to plead guilty should be inferred from his plea counsel's "unexplained entry on the case as co-counsel on April 4, 2006, shortly before Applicant entered his plea." Amended Application at 9. Applicant further asserts that plea counsel's "limited appearance immediately before a plea was entered and his resulting conduct coerced [Applicant] to plead in this case." *Id.* However, Applicant fails to provide any specific actions that Mr. Pacheco took to coerce him to plead guilty. The mere fact that Mr. Pacheco entered an appearance as co-counsel shortly before the time that Applicant entered his plea does not, by itself, establish that Mr. Pacheco coerced Applicant to plead guilty.

In his post-conviction motion, Applicant asserted that "[c]onsidering [Applicant's] limited education (8th grade at the time of the plea), Mr. Pacheco's unexplained and sudden entry into the case immediately before the plea and Mr. Pacheco's clear dominance of [Applicant] during the providency hearing, [Applicant] . . .[has] set forth facts which, if true, establish that [his] plea here was unconstitutional . . . ." Application at 28. Even assuming that Applicant's limited education affected his ability to understand the ramifications of entering a guilty plea, Applicant does not explain his failure to indicate any hesitation or confusion to the trial court during the plea colloquy. The trial court, and the prosecutor, exhaustively detailed the nature of the crime, the

burden of proof, and the consequences of the plea. At every opportunity, Applicant indicated that he understood and that his plea was entered intelligently and voluntarily.

The Tenth Circuit has noted that "[t]his colloquy between a judge and a defendant before accepting a guilty plea is not *pro forma* and without legal significance. Rather, it is an important safeguard that protect defendants from incompetent counsel or misunderstandings." *Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002). Further, "[n]umerous courts have denied relief under §§ 2254 and 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance, where the plea colloquies have demonstrated otherwise." *Hammons v. Paskiewicz*, 368 F. App'x 904, 907 (10th Cir. Mar. 4, 2010) (unpublished opinion) (citing *Fields*, 277 F.3d at 1214). Moreover, the Court can find no indication in the record that Applicant was being dominated by Mr. Pacheco, and Applicant does not point to any specific examples. *See* Trial Court Transcript, Vol. 2. Applicant has failed to provide any specific facts to show that counsel coerced him to plead guilty. S*ee United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993) (holding that a petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors is insufficient to entitle him to habeas relief).

Finally, Applicant also argues that he had been previously advised by his other counsel, Mr. Romero, that he would be receiving a sentence within the range of 8-24 years. Traverse at 4. Applicant asserts that "Mr. Pacheco was not familiar with the circumstances of the plea agreement and without [Applicant] understanding what was going on, allowed him to enter a plea to a possible of 16-48 years." *Id.* Regardless of

whether Applicant's counsel informed him of a lower sentencing range, Applicant was twice advised by the trial court of the applicable sentencing range, 16-48 years. *See* Trial Court Transcript, Vol. 2 at p. 10, Vol. 3 at p. 3. The Tenth Circuit has consistently held that "defense counsel's failure to advise, or its furnishing of erroneous advice, regarding the consequences of a guilty plea generally does not cause the defendant prejudice if the defendant is correctly informed of the consequences by the trial court or other sources prior to entering the plea." *See United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) (holding "[i]n light of the court's careful explanation of the plea's consequences and [the defendant's] testimony that he understood those consequences, [the defendant's] allegation that he would have gone to trial but for his attorney's failure to advise him . . . is insufficient to establish prejudice."); *see also Gordon*, 4 F.3d at 1571. Moreover, an erroneous sentence calculation does not automatically render counsel's assistance ineffective. *See Gordon*, 4 F.3d at 1570.

Applicant offers nothing more than conclusory allegations in support of his argument that Mr. Pacheco was not familiar with the facts of the plea agreement before entering an appearance. Such allegations are insufficient to support a claim of ineffective assistance of counsel. *See Fisher*, 38 F.3d at 1147 (holding that conclusory allegations without supporting factual averments are insufficient to support a claim of ineffective assistance of counsel). In light of this record, Applicant's argument that he would not have pleaded guilty absent his counsel's allegedly erroneous advice is insufficient to demonstrate prejudice. *See Gordon*, 4 F.3d at 1570.

The Court finds no indication in the record that Applicant misunderstood or was misinformed as to the mandatory minimum or maximum punishment that could be imposed by the trial court at sentencing. Neither is there any indication that Applicant based his decision to enter the guilty plea on any promise as to the sentence he would receive. Applicant stated in open court that there was no agreement with anyone or promise as to what the punishment would be, and that he was entering the plea voluntarily because he was guilty of the offense charged. *Id.* at 10-11. The record also shows that Applicant was advised several times by the trial court of the range of punishment for each offense and that he could be sentenced within this range on each offense.

Having reviewed the entire record, the Court finds that Applicant cannot establish "a reasonable probability that, but for" counsel's alleged ineffective assistance, "he would not have pleaded guilty and insisted on going to trial." *Hill*, 474 U.S. at 59. Accordingly, the Court finds and concludes that the state court's conclusion was not contrary to, and did not involve a reasonable application of, clearly established federal law, and Applicant is not entitled to relief on this claim.

## IV. Conclusion

Accordingly, it is ordered:

1.  Applicant Adrian James' Amended Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 7] is denied.

2.  No certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

3.  This case is dismissed with prejudice.

DATED March 8, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge